UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JANE DOE,

          *Plaintiff*,

 -against-

SAINT MICHAEL'S COLLEGE, INC., d/b/a
SAINT MICHAEL'S COLLEGE, and
DANIEL DROMESHAUSER,

          *Defendants*.

Case No. 2:20-CV-30

## SAINT MICHAEL'S COLLEGE'S ANSWER AND DEMAND FOR JURY TRIAL

NOW COMES Defendant Saint Michael's College ("SMC" or "the College"), by and through its attorneys, Holland & Knight, LLP, and as its Answer to Plaintiff Jane Doe's Complaint, states as follows:

1. SMC admits that the individual identified by a pseudonym in this action as Jane Doe is a natural person. Otherwise, SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

2. SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

3. SMC admits that Ms. Doe was a student at the College and resided in the College's campus housing. Otherwise denied.

4. Admitted.

5. SMC admits that Saint Michael's College, Inc. owns and operates Saint Michael's College, which is a Catholic liberal arts college that enrolls approximately 1,900 students. Otherwise denied.

6. SMC admits that Defendant Daniel Dromeshauser was once a student at the College; answering further, Mr. Dromeshauser is no longer a student at the College. Otherwise, SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

7. The allegations of this paragraph state conclusions of law to which no response should be required; to the extent a response is deemed required, they are denied.

8. SMC admits that the College is located in the Town of Colchester, County of Chittenden, State of Vermont. Otherwise, the allegations of this paragraph state conclusions of law to which no response should be required; to the extent a response is deemed required, they are denied. Otherwise denied.

9. This statement in this paragraph does not appear to be directed at SMC, nor does it appear to require a response. To the extent a response is deemed required, it is denied. As noted below, SMC demands a trial by jury on all issues so triable.

10. Admitted.

11. Admitted.

12. SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

13. SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

14. SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

15. SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

16. SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

17. SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

18. SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

19. SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

20. SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

21. SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

22. SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

23. SMC admits that on or about March 19, 2018, Ms. Doe reported that Mr. Dromeshauser had subjected her to sexual assault and related misconduct ("the reported misconduct"); otherwise denied as phrased.

24. SMC admits that on or about March 20, 2018, Ms. Doe met with the College's Title IX Coordinator and Assistant Dean of Students, Catherine Welch, and that they discussed the reported misconduct; otherwise denied as phrased.

25. Denied; answering further, Ms. Welch provided Ms. Doe with a copy of the College's written notice of Rights and Options during the above-referenced March 20, 2018 meeting; this five-page document provided Ms. Doe with a written explanation of her rights and options including but not limited to how she could get medical care and counseling support, file a formal complaint with the College and/or the police, seek a protective order, request and receive interim measures, assistance, accommodations and resources including but not limited to counseling on or off campus, academic situation accommodations, no contact conditions between the parties, living situation accommodations and room changes, student financial aid assistance, and work or transportation accommodation options as applicable; Ms. Doe requested, and the College provided, no-contact conditions and other remedial and protective measures as described in the written notice of Rights and Options that was provided to Ms. Doe on or about March 20, 2018, and as referenced below.

26. Denied; answering further, the written notice of Rights and Options provided to Ms. Doe on or about March 20, 2018 provided notice to Ms. Doe that, among other things, she would have the opportunity to be accompanied to any meeting or proceeding related to the investigation by an advisor of her choice.

27. Denied because SMC did not at any time direct Ms. Doe not to consult with an attorney; as to whether Ms. Doe consulted with an attorney at the referenced time, SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph regarding that issue, and therefore denies same. Otherwise denied.

28. SMC admits that it began its investigation regarding the reported misconduct on or about March 23, 2018, and that it informed Mr. Dromeshauser of the investigation on or about that date; otherwise denied.

29. SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

30. Admitted.

31. Denied; answering further, Mr. Dromeshauser was ordered to maintain an academic-only relationship with the College during the investigation, which order was implemented when notice of the investigation was given on or about March 23, 2018; otherwise denied.

32. SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

33. Denied; answering further, in addition to the academic-only relationship imposed by the College when notice of the investigation was given on or about March 23, 2018, Mr. Dromeshauser's access to campus was further limited on or about March 29, 2018 so that Mr. Dromeshauser was only permitted access to specific classrooms during class time, he was instructed which entrances to academic buildings and hallways in buildings he could use, he was not allowed to access the Alliot or Chapel buildings, and he could only use the library if permitted based on specific requests.

34. Denied.

35. Denied; answering further, on or about March 29, 2018 (that is, less than a week after the academic-only relationship was imposed when notice of the investigation was given to Mr. Dromeshauser on or about March 23, 2018), Mr. Dromeshauser's access to campus was

limited further so that Mr. Dromeshauser was only permitted access to specific classrooms during class time, he was instructed which entrances to academic buildings and hallways in buildings he could use, he was not allowed to access the Alliot or Chapel buildings, and he could only use the library if permitted based on specific requests; further, on or about March 29, 2018, Ms. Welch informed Ms. Doe of the "walking plan" imposed on Mr. Dromeshauser as outlined above, of where Mr. Dromeshauser would park when on campus, and of the other restrictions that would apply to Mr. Dromeshauser's movements and presence on campus during the investigation, and encouraged Ms. Doe to be in touch with any questions. Answering further, after the above-referenced measures and restrictions were imposed on Mr. Dromeshauser on or about March 29, 2018, Ms. Doe never reported to Ms. Welch or other College officials any concerns about the no-contact order or Mr. Dromeshauser's (limited) presence on campus after March 29, 2018, or at any other time before the conclusion of the investigation and/or determination panel process. Otherwise denied.

36. Denied; answering further, the College provided many other remedial and/or protective measures to Ms. Doe during and after the investigation, in response to her requests for same and/or otherwise; otherwise denied.

37. Denied.

38. Denied.

39. To the extent the allegations of this paragraph refer to a dated document, the document speaks for itself; otherwise denied.

40. Admitted that the College found Mr. Dromeshauser responsible for violating the College's Other Sexual Misconduct policy in connection with his distribution of video images of

Ms. Doe without her consent; otherwise, to the extent the allegations of this paragraph refer to a determination outlined in a document, the document speaks for itself; otherwise denied.

41. Admitted that the College found Mr. Dromeshauser not responsible for violating the College's Sexual Assault Policy; otherwise, to the extent the allegations of this paragraph refer to a determination outlined in a document, the document speaks for itself; otherwise denied.

42. To the extent the allegations of this paragraph refer to a determination outlined in a document, the document speaks for itself; otherwise denied.

43. Admitted.

44. SMC admits that Mr. Dromeshauser appealed the College's decision; otherwise denied as phrased.

45. To the extent the allegations of this paragraph refer to a dated document, the document speaks for itself; otherwise denied.

46. To the extent the allegations of this paragraph refer to a dated document, the document speaks for itself; otherwise denied. Answering further, President Sterritt denied Mr. Dromeshauser's appeal, and upheld the decision dismissing Mr. Dromeshauser from the College.

47. Denied. Answering further, with the exception of one concern Ms. Doe expressed to a College official on or about May 8, 2019 about harassment by an individual (who was not an enrolled student at that time), Ms. Doe did not report to the College any harassment by members of the student body at any time; regarding the reported, alleged harassment by such individual, the College told that individual on or about May 8, 2019 and/or May 9, 2019 that he was not allowed to be on campus, and on or about May 11, 2019, at the College's request, the individual was issued a trespassing ticket by the Colchester Police Department and told to leave campus

immediately; the College received no other reports from Ms. Doe or anyone else that Ms. Doe was being subjected to harassment.

48. SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same. Answering further, other than the concern raised by Ms. Doe on or about May 8, 2019 that was dealt with immediately and effectively by the College as referenced above, the College received no reports from anyone that Ms. Doe was being subjected to harassment.

49. Denied.

50. Denied.

51. Denied to the extent that the allegations of this paragraph suggest that Ms. Welch was informed that Ms. Doe had a class scheduled for the referenced classroom, that Ms. Welch refused to move the class to another classroom, and/or that Ms. Welch told Ms. Doe that her only option would be to drop the class, as those allegations are not true. Otherwise, SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

52. Denied to the extent that the allegations of this paragraph suggest that Ms. Welch was informed that Ms. Doe had a class scheduled for the referenced classroom, that Ms. Welch refused to move the class to another classroom, and/or that Ms. Welch told Ms. Doe that her only option would be to drop the class, as those allegations are not true; otherwise denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

### COUNT I (Titled "Violation of Title IX – Sexually Hostile Culture")

59. SMC repeats and re-states all of its responses above as if fully set forth herein.

60. Admitted.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. The allegations of this paragraph state a conclusion of law to which no response should be required; to the extent a response is deemed required, they are denied.

67. Denied.

68. Denied.

### COUNT II (Titled "Violation of Title IX – Deliberate Indifference")

69. SMC repeats and re-states all of its responses above as if fully set forth herein.

70. The allegations of this paragraph state a conclusion of law to which no response should be required; to the extent a response is deemed required, they are denied.

71. The allegations of this paragraph state conclusions of law to which no response should be required; to the extent a response is deemed required, they are denied.

72. To the extent the allegations of this paragraph refer to SMC and/or its agents, the allegations of this paragraph state conclusions of law to which no response should be required; to the extent a response is deemed required, they are denied.

73. The allegations of this paragraph state conclusions of law to which no response should be required; to the extent a response is deemed required, they are denied.

74. The allegations of this paragraph state conclusions of law to which no response should be required; to the extent a response is deemed required, they are denied; answering further, the United States Department of Education Office for (not of) Civil Rights guidelines referenced in the allegations of this paragraph were qualified by further guidance issued in April 2014, were withdrawn altogether on September 22, 2017, and were of no effect whatsoever at any time relevant to the matters referenced in Plaintiff's Complaint.

75. Denied as phrased.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. The allegations of this paragraph state conclusions of law to which no response should be required; to the extent a response is deemed required, they are denied.

87. Denied.

88. Denied.

## COUNT III (Titled "Negligence")

89. SMC repeats and re-states all of its responses above as if fully set forth herein.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. The allegations of this paragraph state a conclusion of law to which no response should be required; to the extent that a response is deemed required, they are denied.

99. Denied.

100. Denied.

## COUNT IV (Titled "Negligent Supervision")

101. SMC repeats and re-states all of its responses above as if fully set forth herein.

102. The allegations of this paragraph state a conclusion of law to which no response should be required; to the extent a response is deemed required, they are denied.

103. The allegations of this paragraph state a conclusion of law to which no response should be required; to the extent a response is deemed required, they are denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

### COUNT V (Titled "Breach of Contract")

108. SMC repeats and re-states all of its responses above as if fully set forth herein.

109. The allegations of this paragraph state conclusions of law to which no response should be required; to the extent a response is deemed required, they are denied.

110. To the extent the allegations of this paragraph refer to SMC, they state conclusions of law to which no response should be required; to the extent a response is deemed required, they are denied. To the extent the allegations of this paragraph refer to Ms. Doe, SMC lacks knowledge or information sufficient to form a belief about the truth of such allegations, and therefore denies same.

111. The allegations of this paragraph state conclusions of law to which no response should be required; to the extent a response is deemed required, they are denied.

112. Denied.

113. Denied.

114. The allegations of this paragraph state conclusions of law to which no response should be required; to the extent a response is deemed required, they are denied.

115. Denied.

116. Denied.

### COUNT VI (Titled "Intentional Infliction of Emotional Distress")

117. SMC repeats and re-states all of its responses above as if fully set forth herein.

118. The allegations of this paragraph state a conclusion of law to which no response should be required; to the extent a response is deemed required, they are denied.

119. The allegations of this paragraph state conclusions of law to which no response should be required; to the extent a response is deemed required, they are denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. The allegations of this paragraph state a conclusion of law to which no response should be required; to the extent a response is deemed required, they are denied.

127. Denied.

128. Denied.

**COUNT VII (Titled "Negligent Infliction of Emotional Distress")**

129. SMC repeats and re-states all of its responses above as if fully set forth herein.

130. The allegations of this paragraph state conclusions of law to which no response should be required; to the extent a response is deemed required, they are denied.

131. The allegations of this paragraph state conclusions of law to which no response should be required; to the extent a response is deemed required, they are denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. The allegations of this paragraph state a conclusion of law to which no response should be required; to the extent a response is deemed required, they are denied.

139. Denied.

140. Denied.

### COUNT VIII (Titled "Premises Liability")

141. SMC repeats and re-states all of its responses above as if fully set forth herein.

142. The allegations of this paragraph state conclusions of law to which no response should be required; to the extent a response is deemed required, they are denied.

143. Denied.

144. Denied.

145. Denied.

146. The allegations of this paragraph state a conclusion of law to which no response should be required; to the extent a response is deemed required, they are denied.

147. Denied.

148. Denied.

### COUNT IX (Titled "Assault" as to Defendant Dromeshauser)

149. SMC repeats and re-states all of its responses above as if fully set forth herein.

150. The allegations of this paragraph do not appear to be addressed to SMC; to the extent a response to the allegations by SMC is deemed required, SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

151. The allegations of this paragraph do not appear to be addressed to SMC; to the extent a response to the allegations by SMC is deemed required, SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

152. The allegations of this paragraph do not appear to be addressed to SMC; to the extent a response to the allegations by SMC is deemed required, SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

153. The allegations of this paragraph do not appear to be addressed to SMC; to the extent a response to the allegations by SMC is deemed required, SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

**COUNT X (Titled "Battery" as to Defendant Dromeshauser)**

154. SMC repeats and re-states all of its responses above as if fully set forth herein.

155. The allegations of this paragraph do not appear to be addressed to SMC; to the extent a response to the allegations by SMC is deemed required, SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

156. The allegations of this paragraph do not appear to be addressed to SMC; to the extent a response to the allegations by SMC is deemed required, SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

157. The allegations of this paragraph do not appear to be addressed to SMC; to the extent a response to the allegations by SMC is deemed required, SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

158. The allegations of this paragraph do not appear to be addressed to SMC; to the extent a response to the allegations by SMC is deemed required, SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

**COUNT XI (Titled "Intentional Infliction of Emotional Distress"
as to Defendant Dromeshauser)**

159. SMC repeats and re-states all of its responses above as if fully set forth herein.

160. The allegations of this paragraph do not appear to be addressed to SMC; to the extent a response to the allegations by SMC is deemed required, SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

161. The allegations of this paragraph do not appear to be addressed to SMC; to the extent a response to the allegations by SMC is deemed required, SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

162. The allegations of this paragraph do not appear to be addressed to SMC; to the extent a response to the allegations by SMC is deemed required, SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

163.    The allegations of this paragraph do not appear to be addressed to SMC; to the extent a response to the allegations by SMC is deemed required, SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

164.    The allegations of this paragraph do not appear to be addressed to SMC; to the extent a response to the allegations by SMC is deemed required, SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

165.    The allegations of this paragraph do not appear to be addressed to SMC; to the extent a response to the allegations by SMC is deemed required, SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

166.    The allegations of this paragraph do not appear to be addressed to SMC; to the extent a response to the allegations by SMC is deemed required, SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies same.

## SMC'S RESPONSE TO PLAINTIFF'S "PRAYER FOR RELIEF"

a.—g.  Denied.

h.—j.  These requests for relief do not appear to be addressed to SMC; to the extent a response to the requests by SMC is deemed required, denied.

k.—l.  Denied.

## GENERAL DENIAL

Each allegation of the Complaint which is not specifically admitted above is denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state claims against SMC upon which relief can be granted.

2. SMC is not subject to liability under Title IX because the College has an effective policy for reporting and redressing sexual harassment, sexual assault, and other types of sex discrimination, pursuant to which the College offered Plaintiff resources and support, conducted a prompt and thorough investigation of Plaintiff's allegations, and implemented appropriate corrective actions.

3. SMC is not subject to liability under Title IX because the College did not act with "deliberate indifference" in response to Plaintiff's report.

4. SMC is not subject to liability under Title IX for any alleged failure to comply with Title IX regulations or guidance promulgated by the United States Department of Education.

5. Plaintiff has no private claim under Title IX for alleged violations of Title IX's administrative requirements or Department of Education guidance.

6. SMC is not subject to liability under Plaintiff's negligent and intentional infliction of emotional distress claims because Plaintiff cannot establish that a reasonable person would have suffered emotional distress due to the Defendants' actions.

7. SMC is not subject to liability under Plaintiff's intentional infliction of emotional distress claim because SMC did not engage in any extreme or outrageous conduct.

8. SMC is not subject to tort liability because its actions were legitimate and privileged, undertaken without intent to cause harm.

9. The negligence of another or others for which SMC is not responsible caused or contributed to the cause of Plaintiff's alleged injuries.

10. The actions of another or others for which SMC is not responsible caused or contributed to the cause of Plaintiff's alleged injuries.

11. Plaintiff's claims are barred by the doctrine of comparative negligence.

12. Recovery, if any, must be reduced by the degree of comparative negligence attributable to Plaintiff.

13. SMC did not participate in any act or omission that allegedly caused or contributed to cause harm to Plaintiff.

14. SMC was not the proximate cause of Plaintiff's alleged injuries.

15. Plaintiff failed to mitigate her alleged damages.

16. SMC reserves the right to assert additional defenses or limitations on damages as discovery and this case progresses.

WHEREFORE, SMC requests that Plaintiff's Complaint be dismissed, and that the College be awarded its costs of defense and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, SMC hereby demands a trial by jury on all issues so triable.

Dated this 28th day of March, 2020.

HOLLAND & KNIGHT, LLP
Attorneys for Saint Michael's College

/s/ Jeffrey J. Nolan

_____

Jeffrey J. Nolan
Holland & Knight, LLP
10 Saint James Avenue

15th Floor  
Boston, MA 02116  
Telephone: (617) 854-1459  
Fax: (617) 523-6850  
Email: jeffrey.nolan@hklaw.com