IN THE UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| JANE DOE,<br>        *Plaintiff*,<br><br>v.<br><br>SAINT MICHAEL'S COLLEGE, INC.,<br>d/b/a SAINT MICHAEL'S COLLEGE, and<br>DANIEL DROMESHAUSER,<br><br>        *Defendants*. | Civil Action No. 2:20-CV-30 |

## DANIEL DROMESHAUSER'S ANSWER TO COMPLAINT

NOW COMES the Defendant, Daniel Dromeshauser, and answers the Complaint as follows:

1. Without sufficient knowledge, therefore denied.

2. Without sufficient knowledge, therefore denied.

3. Without sufficient knowledge, therefore denied.

4. Without sufficient knowledge, therefore denied.

5. Without sufficient knowledge, therefore denied.

6. Admitted that Daniel is a resident of Massachusetts and was a student at the College. The remainder is denied.

7. This allegation states a legal conclusion to which no response is required.

8. This allegation states a legal conclusion to which no response is required.

9. This allegation states a legal conclusion to which no response is required.

10. Without sufficient knowledge, therefore denied.

11. Admitted.

12. Admitted that there was a party where both attended. The remainder is denied.

13. Daniel has no reason to believe that Plaintiff blacked out. He also does not know what is meant by "a considerable amount of alcohol" as it is vague and ambiguous. Accordingly, the remainder of the allegation is denied.

14. Admitted.

15. Admitted that the then students walked to the classroom. The remainder is denied.

16. Denied.

17. Denied.

18. Admitted that there were images of the consensual sexual encounter that were sent to a platform. Plaintiff was aware of the video images and consented to them. The images were sent to a platform where they were deleted shortly after being viewed. The remainder of the allegation is denied.

19. Without sufficient knowledge, therefore denied.

20. Denied.

21. Admitted that people viewed the video images. The remainder is denied.

22. Denied that the video in any way indicated Plaintiff's name.

23. Without sufficient knowledge, therefore denied.

24. Without sufficient knowledge, therefore denied.

25. Without sufficient knowledge, therefore denied.

26. Without sufficient knowledge, therefore denied.

27. Without sufficient knowledge, therefore denied.

28. Denied.

29. Without sufficient knowledge, therefore denied.

30. Admitted that Daniel was instructed to leave campus despite the fact that no allegations had been substantiated. The remainder is denied.

31. Denied.

32. Admitted.

33. Denied.

34. Without sufficient knowledge, therefore denied.

35. Without sufficient knowledge, therefore denied.

36. Without sufficient knowledge, therefore denied.

37. Without sufficient knowledge, therefore denied.

38. Without sufficient knowledge, therefore denied.

39. Admitted that the panel reached a conclusion after the investigation was completed. The remainder is denied.

40. Admitted that there was a violation found. The remainder is denied.

41. Admitted that the panel found the sexual contact was consensual. The remainder is denied.

42. Denied.

43. Admitted that Daniel left campus and was no longer a student. The remainder is denied.

44. Admitted.

45. Without sufficient knowledge, therefore denied.

46. Admitted that the President made an adverse finding. The remainder is denied.

47. Denied.

48. Denied.

49. Without sufficient knowledge, therefore denied.

50. Without sufficient knowledge, therefore denied.

51. Without sufficient knowledge, therefore denied.

52. Without sufficient knowledge, therefore denied.

53. Without sufficient knowledge, therefore denied.

54. Without sufficient knowledge, therefore denied.

55. Without sufficient knowledge, therefore denied.

56. Without sufficient knowledge, therefore denied.

57. Without sufficient knowledge, therefore denied.

58. Without sufficient knowledge, therefore denied.

## **FIRST CAUSE OF ACTION AGAINST DEFENDANT SMC**
### **(Violation of Title IX – Sexually Hostile Culture)**

59. Daniel reasserts the above responses as if fully set forth herein.

60. Without sufficient knowledge, therefore denied.

61. Denied.

62. Denied.

63. Denied.

64. Without sufficient knowledge, therefore denied.

65. Without sufficient knowledge, therefore denied.

66. Without sufficient knowledge, therefore denied.

67. Without sufficient knowledge, therefore denied.

68. Without sufficient knowledge, therefore denied.

## **SECOND CAUSE OF ACTION AGAINST DEFENDANT SMC**
### **(Violation of Title IX – Deliberate Indifference)**

69. Daniel reasserts the above responses as if fully set forth herein.

70. This allegation states a legal conclusion to which no response is required.

71. This allegation states a legal conclusion to which no response is required.

72. Denied.

73. This allegation states a legal conclusion to which no response is required.

74. This allegation states a legal conclusion to which no response is required.

75. Denied.

76. Without sufficient knowledge, therefore denied.

77. Denied.

78. Without sufficient knowledge, therefore denied.

79. Without sufficient knowledge, therefore denied.

80. Without sufficient knowledge, therefore denied.

81. Without sufficient knowledge, therefore denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Without sufficient knowledge, therefore denied.

87. This allegation states a legal conclusion to which no response is required.

88. Without sufficient knowledge, therefore denied.

## THIRD CAUSE OF ACTION AGAINST DEFENDANT SMC
### (Negligence)

89. Daniel reasserts the above responses as if fully set forth herein.

90. This allegation states a legal conclusion to which no response is required.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. This allegation states a legal conclusion to which no response is required.

99. This allegation states a legal conclusion to which no response is required.

100. Denied.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANT SMC
### (Negligent Supervision)

101. Daniel reasserts the above responses as if fully set forth herein.

102. Without sufficient knowledge, therefore denied.

103. This allegation states a legal conclusion to which no response is required.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANT SMC
### (Breach of Contract)

108. Daniel reasserts the above responses as if fully set forth herein.

109. Without sufficient knowledge, therefore denied.

110. Without sufficient knowledge, therefore denied.

111. Without sufficient knowledge, therefore denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    This allegation states a legal conclusion to which no response is required.

116.    Denied.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANT SMC
### (Intentional Infliction of Emotional Distress)

117.    Daniel reasserts the above responses as if fully set forth herein.

118.    This allegation states a legal conclusion to which no response is required.

119.    This allegation states a legal conclusion to which no response is required.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    This allegation states a legal conclusion to which no response is required.

127.    This allegation states a legal conclusion to which no response is required.

128.    Denied.

## SEVENTH CAUSE OF ACTION AGAINST DEFENDANT SMC
### (Negligent Infliction of Emotional Distress)

129.    Daniel reasserts the above responses as if fully set forth herein.

130.    This allegation states a legal conclusion to which no response is required.

131.    This allegation states a legal conclusion to which no response is required.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

## EIGHTH CAUSE OF ACTION AGAINST DEFENDANT SMC
### (Premises Liability)

141. Daniel reasserts the above responses as if fully set forth herein.

142. This allegation states a legal conclusion to which no response is required.

143. Denied.

144. Denied.

145. Denied.

146. This allegation states a legal conclusion to which no response is required.

147. This allegation states a legal conclusion to which no response is required.

148. Denied.

## NINTH CAUSE OF ACTION AGAINST DEFENDANT DROMESHAUSER
### (Assault)

149. Daniel reasserts the above responses as if fully set forth herein.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

## TENTH CAUSE OF ACTION AGAINST DEFENDANT DROMESHAUSER

### (Battery)

154. Daniel reasserts the above responses as if fully set forth herein.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

## ELEVENTH CAUSE OF ACTION AGAINST DEFENDANT DROMESHAUSER

### (Intentional Infliction of Emotional Distress)

159. Daniel reasserts the above responses as if fully set forth herein.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff consented and, therefore, privilege exists.

2. Plaintiff failed to mitigate her damages.

3. There is intervening superseding cause.

## **JURY DEMAND**

Defendant Daniel Dromeshauser demands trial by jury.

DATED at Burlington, Vermont, this 20th day of April, 2020.

                                        DANIEL DROMESHAUSER

                    By:  */s/ Pietro J. Lynn*
                            Pietro J. Lynn, Esq.
                            Lynn, Lynn, Blackman & Manitsky, P.C.
                            *Counsel for Defendant*
                            76 St. Paul St., Suite 400
                            Burlington, VT  05401
                            (802) 860-1500
                            plynn@lynnlawvt.com