UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT
_____

JANE DOE,

                              Plaintiff,                         **Attorney Affidavit**

-against-                                         Civil Action No.: 2:20-cv-30

SAINT MICHAEL'S COLLEGE, INC. d/b/a
SAINT MICHAEL'S COLLEGE, and
DANIEL DROMESHAUSER,

                              Defendants.
_____

State of New York    }
                            }  ss.:
County of Albany    }

       **JAMES T. TOWNE, JR., ESQ.**, states the following under the pains and penalties of perjury:

1. I am an attorney and counselor at law duly licensed to practice law and admitted to practice before this Court and am the principal partner of The Towne Law Firm, P.C., attorneys for the Plaintiff in the above-captioned matter. As such, I am fully familiar with the pleadings and proceedings heretofore had herein.

2. I submit this affidavit in support of Plaintiff's motion seeking a conference to discuss the application of the Federal Rules of Civil Procedure; more specifically, FRCP 34(E)(i), to the present matter and to address the lack of any formal discovery responses from Defendant, Saint Michael's College.

3. In August of 2020, my office served upon the Defendants A Request for Production of Documents. (Attached hereto as Exhibit A).

Case 2:20-cv-00030-wks   Document 37   Filed 04/02/21   Page 2 of 5

4. Saint Michael's College served its response to same on or about October 16, 2020. (Attached hereto as Exhibit B)

5. Saint Michael's College turned over three (3) document dumps in succession which included 3,975 pages of unidentified documents. Despite being Bates Stamped, these documents were not identified in Defendant's responses, indexed or labeled in any fashion, nor were these Bates Stamped documents identified as being responsive to any of the specified Demand for Documents.

6. In good faith, Plaintiff made numerous attempts to get Defendant to serve responses that were in conformity with the Federal Rules of Civil Procedure. Despite, these attempts, having included letters and a telephone conference, Defendant is apparently of the belief that they are not bound by FRCP 34(E).

7. In an attempt to circumvent FRCP 34's requirement to have Defendant organize and clearly label their responses and identify to which demand their documents are responsive to, it attempts to state that they have produced their records "as they are kept in the usual course of business."

8. This argument is fatally flawed once this Court reviews the submitted Affidavits of Shawn Umansky, Saint Michael's Assistant Director of the IT Data Center and Holland & Knight's associate, Stephanie Merabet.

9. Mr. Umansky's Affidavit clearly stated that Saint Michael's College's documents were kept on a "Z Drive" and an "O Drive". (Umansky Aff., ¶¶ 8, 9). Both sets of documents were turned over in the same exact form they were maintained by the College. (Id.)

10. Mr. Umansky then states that the College's email server was Microsoft Exchange. (Umansky Aff., ¶10)

11. He admittedly converted the pulled emails from Microsoft Exchange into a .PST file and uploaded those .PST files to Holland & Knight's Aspera system. (Umansky Aff., ¶¶ 11, 12)

12. Ms. Marabet states in her Affidavit that "the College's document files were uploaded **in the same folder structure, and with the same naming convention,** as they had when maintained on the College's system." (Marabet Aff., ¶7) This corroborates Mr. Umansky's Affidavit.

13. Ms. Marabet next admits to converting those files into a completely different platform called Relativity. (Marabet Aff., ¶8)

14. What Marabet fails to advise this Court is that these Relativity files were then converted back into the Aspera system, <u>completely unlabeled, unorganized</u> and not at all in the order and format that Saint Michael's initially turned them over to her firm.

15. Based on these Affidavits, Holland & Knight cannot state that they have produced documents as they are kept in the usual course of business when they admittedly converted the files from their initial platforms (O Drive, Z Drive and Microsoft Exchange) to their system Aspera then to Relativity then back to Aspera, while their client admittedly converted Microsoft Exchange emails into .PST files.

16. By the time these documents were provided to Plaintiff they had been converted at least four (4) times and no longer had any identifying characteristics other than a Bates Stamp.

17. The Bates Stamp is of no assistance in identifying any of the documents because Holland & Knight refuses to draft responses to Plaintiff's demands that would indicate which documents were responsive to which demands.

18. Holland & Knight's failure to recognize their duty to disclose in a somewhat orderly fashion is proving to be problematic as Plaintiff is tasked with pilfering through thousands of unlabeled documents, some of which have been provided in duplicate and triplicate.

19. Finally, what is more problematic is that discovery in this case is continually delayed not only by Holland & Knight's overt and willful failure to produce documents in an orderly fashion but also the fact that they have yet to formally respond to demands that have been outstanding since August of 2020. These demands include:

    Sexual harassment, sexual misconduct, domestic violence, and dating violence policies.

    Written statements of witnesses

    Notes of interviews with witnesses

    Tape recordings of all oral statements and/or interviews

    Reports regarding the results of all investigations- CUSI, Binghamton PD, SMC, etc.

    All correspondence and/or communications exchanged between and amongst the parties

    All documents distributed amongst the parties

    A complete copy of SMC's file

    SMC student Handbook

    All appeal documents, communications and reports

    All determination panel documents, communications and reports

    Transcript and academic file of Daniel Dromeshauser

    Transcript and academic file of █████

    Roster of students from 1/1/18 through 5/31/19

      Colchester Police records maintained by SMC including any other police agency files in their possession

      Public Safety documents and records

      Any and all documents submitted to and/or received by any other investigative agency

      All sexual harassment training and misconduct training materials

      All documents relative to policies, practices, and programs for student accommodations for 5 years prior to and including the date of the subject incident

      SMC practices and policies relative to student use of alcohol on campus and in dorms for 5 years prior to and including the date of the subject incident.

      Any and all documents relative to lawsuits, complaints, charges, claims of sexual misconduct made against Daniel Dromeshauser

20. Every response received to date indicates that they *will* respond with by producing documents and in no way indicate that they have. Yet eight (8) months have elapsed, and they have failed to respond.

21. With that said, Plaintiff respectfully requests that this Court issue an Order directing Defendant, Saint Michael's College to serve response to Plaintiff's outstanding demands clearly articulating what documents they are providing in response to which demands so that all parties can engage in meaningful discovery.

Sworn to this 29 day
of April, 2021

JAMES T. TOWNE, JR., ESQ.

Notary Public – State of New York